IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CASSEE GALE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BRINKER INTERNATIONAL PAYROLL COMPANY, L.P.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO STAY AND DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PROSECUTION<br><br><br>Case No. 1:09-CV-129 TS |

This matter is before the Court on Plaintiff's Motion to Stay. Plaintiff seeks to stay this matter until the resolution of *Roussell v. Brinker International Payroll Company, L.P.* (the "*Roussell* action"), currently pending before the Fifth Circuit Court of Appeals. In response to Plaintiff's Motion, Defendant argues against the stay and seeks to dismiss this action for lack of prosecution. For the reasons discussed below, the Court will deny Plaintiff's Motion to Stay and deny Defendant's Motion to Dismiss for Lack of Prosecution.

1

I.  BACKGROUND

On November 1, 2005, Jennifer Roussell filed an action under the Fair Labor Standards Act ("FLSA") against Brinker International Payroll Company, L.P. ("Defendant" or "Brinker"), in U.S. District Court for the Southern District of Texas.  In her suit, Roussell alleged that Brinker violated the FLSA's minimum wage provisions by maintaining a tip pool that included non-tipped employees.  Plaintiff in this matter, Cassee Gale, joined the *Roussell* action as a plaintiff on or about October 11, 2006.  On January 26, 2009, the court in the *Roussell* action partially decertified the class, at which time Ms. Gale was no longer a part of the *Roussell* action and became free to pursue her claims against Brinker via a separate lawsuit.

The *Roussell* action continued as to the remaining opt-in plaintiffs who were not decertified.  Following a jury trial, the court entered final judgment in favor of the remaining opt-in plaintiffs on June 18, 2009.  Brinker then filed an appeal, which was stayed by the Fifth Circuit on May 11, 2010, pending resolution by the district court of intertwined merits and attorney fees issues.  The district court entered its final order on attorney fees issues on August 4, 2010.

Plaintiff filed the instant action on September 29, 2009,[1] after being dismissed from the *Roussell* action.  Plaintiff did not file any other pleadings with the Court and, as a result, the Court issued an Order to Show Cause on June 28, 2010.[2]  In response to the Order to Show

---

[1]Docket No. 1.

[2]Docket No. 4.

Cause, Plaintiff filed her Motion to Stay and served this matter on Defendant.[3] Defendant has now filed its Answer, opposes Plaintiff's Motion to Stay, and seeks dismissal of Plaintiff's Complaint based on her alleged failure to prosecute.

II.  DISCUSSION

A.  MOTION TO STAY

The Court has inherent power to grant a stay pending the result of other proceedings.[4] The Supreme Court has described this power as "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[5] To make this determination "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[6] "Factors relevant to the court's decision are: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship."[7]

Having considered these factors, the Court finds that Plaintiff has not met her burden. As to the first factor, Plaintiff conclusively asserts that a stay would promote judicial economy

---

[3] Docket No. 5.

[4] *Nederlandse ERTS-Tankersmaatchappij, N.V. v. Isbarndtsen Co.*, 339 F.2d 440, 441 (2d Cir. 1964).

[5] *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

[6] *Id*. at 254-55.

[7] *Evergreen Holdings, Inc. v. Sequoia Global, Inc.*, No. CIV-09-776-F, 2008 WL 4723008, *2 (W.D.Okla. 2008).

because determination of the issues before the Fifth Circuit "may well be determinative to the outcome of this case."[8] However, as Defendant's Response points out, this may not be the case. The decision of the Fifth Circuit may have little or no impact on this case at all. Further, there is nothing to suggest that a stay would avoid confusion and inconsistent results or that Plaintiff would suffer prejudice or undue hardship if the stay was denied. Defendant, on the other hand, has argued that it will be prejudiced if it is forced to wait for months or even years before being able to defend itself in this matter. The Court agrees and will deny the stay.

B.     MOTION TO DISMISS FOR LACK OF PROSECUTION

Defendant also argues that this matter should be dismissed for lack of prosecution. As set forth above, Plaintiff took no action in this matter for nearly nine months after filing her case. It was not until the Court issued an Order to Show Cause that Plaintiff filed her Motion to Stay and served her Complaint on Defendant. The Court would also note, that Plaintiff has failed to respond in any way to Defendant's Motion to Dismiss. While the Court is discouraged with Plaintiff's dilatory behavior, dismissal is not warranted at this time. Plaintiff is warned, however, that further delays may result in sanctions being issued, including terminating sanctions.

III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Stay (Docket No. 5) is DENIED. It is further

ORDERED that Defendant's Motion to Dismiss for Lack of Prosecution (Docket No. 16) is DENIED. The Court will set this matter for an initial pretrial conference by separate notice.

---

[8]Docket No. 5, at 3.

DATED September 29, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge